1  Matthew D. Benedetto (SBN 252379)
2  WILMER CUTLER PICKERING
     HALE AND DORR LLP
3  350 South Grand Ave., Suite 2400
4  Los Angeles, CA 90071
   Telephone: (213) 443-5300
5  Facsimile: (213) 443-5400
6  matthew.benedetto@wilmerhale.com

7  Jamie Dycus (*pro hac vice*
8  forthcoming)
   WILMER CUTLER PICKERING
9    HALE AND DORR LLP
10 7 World Trade Center
   250 Greenwich St.
11 New York, NY 10007
12 Telephone: (212) 937-7518
   Facsimile: (212) 230-8888
13 jamie.dycus@wilmerhale.com

14
15 *Attorneys for Defendant Bank of America, N.A.*

16

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE TRISTAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Case No. 8:22-cv-1183<br><br>**NOTICE OF REMOVAL**<br><br>State Court Docket: Superior Court of California, County of Orange<br><br>Case No. 30-2022-01255728-CU-FR-CJC<br><br>Complaint Filed: April 20, 2022 |

**NOTICE OF REMOVAL**
*Tristan v. Bank of America, N.A.*, Case No. 8:22-cv-1183

TO THE CLERK OF THE ABOVE-TITLED COURT:

PLEASE TAKE NOTICE THAT, for the reasons stated below, Defendant Bank of America, N.A. ("Bank of America") hereby removes the above-captioned action from the Superior Court of California for the County of Orange to the United States District Court for the Central District of California.

As grounds for removal, Bank of America states as follows:

## SUMMARY

1. A defendant may remove an action from state court pursuant to 28 U.S.C. § 1441(a) if the federal district court has original jurisdiction over the action.

2. This Court has original jurisdiction over this action as a case with a claim "arising under" federal law, 28 U.S.C. § 1331, and with the remaining claims being "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," 28 U.S.C. § 1367(a). Such actions may be removed from state court pursuant to 28 U.S.C. § 1441(a).

3. This Court also has original jurisdiction over this action as an alleged class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant" and in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Such actions may be removed from state court pursuant to 28 U.S.C. § 1453(b).

## PROCEDURAL HISTORY AND BACKGROUND

4. On April 20, 2022, Plaintiff Natalie Tristan filed a putative class action complaint captioned *Tristan v. Bank of America, N.A.*, Case No. 30-2022-01255728-CU-FR-CJC, in the Superior Court of California in the County of Orange. On June 8, 2022, Plaintiff filed an amended version of the complaint ("First Amended Complaint" or "FAC") in the same court. Copies of both complaints, together with

all process, pleadings, and orders served on Bank of America in the state court action, are attached hereto.

5. In the FAC, Plaintiff alleges that (1) she used Zelle to pay an application fee, security deposit and first month's rent to another person in anticipation of moving into a rental apartment, (2) the other person turned out to be a fraudster who never delivered the keys or possession of the apartment, and (3) Bank of America declined to refund the amount she paid to the fraudster. *See* FAC ¶¶ 54-63. The FAC asserts, on behalf of a putative class, claims for breach of contract and violations of the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*), the California False Advertising Law (Cal. Civ. Code § 17500 *et seq.*), and the Electronic Fund Transfer Act (15 U.S.C. § 1693 *et seq.*). *Id.* ¶¶ 64-114. Plaintiff seeks actual, compensatory, punitive, and exemplary damages, pre-judgment interest, attorneys' fees and costs, and equitable relief including restitution, disgorgement, and a permanent injunction. *Id.* at 23. Bank of America disputes the allegations in the complaint and disputes that Plaintiff is entitled to any relief.

6. Plaintiff served Bank of America with the original complaint and summons on May 18, 2022. Bank of America's time to respond to the complaint and summons has not expired, and Bank of America has not served or filed an answer.

7. This notice of removal is timely filed under 28 U.S.C. § 1446(b) because it is filed less than 30 days from May 18, 2022, the date on which Bank of America was served with a copy of the complaint and summons. No previous notice of removal has been filed or made to this Court for the relief sought herein.

8. This action is removable to this Court because Orange County is located in the Central District of California. *See* 28 U.S.C. § 1441(a).

**GROUNDS FOR REMOVAL**

9. A defendant may remove an action from state court if the federal district court has original jurisdiction over the action. 28 U.S.C. § 1441(a).

10. This Court has original jurisdiction over this action under both its statutory grant of federal question jurisdiction, 28 U.S.C. § 1331, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

11. 28 U.S.C. § 1331 vests federal district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff's EFTA claim satisfies the requirement that the action "arise under" federal law. Accordingly, the additional (and related) claims brought under California statutory and common law are removable by virtue of this court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a).

12. CAFA vests federal district courts with "original jurisdiction of any civil action" (A) that "is a class action," (B) in which "the number of members of all proposed plaintiff classes in the aggregate is [not] less than 100," (C) in which "any member of a class of plaintiffs is a citizen of a State different from any defendant"; and (D) in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d). This action also satisfies these requirements.

    **A.**    **Plaintiff's EFTA Claim Arises Under Federal Law, And Plaintiff's Other Claims Are Fit For Supplemental Jurisdiction**

13. "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002). This rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Retail Prop. Tr. v. United Bhd. of*

*Carpenters & Joiners of Am.*, 768 F.3d 938, 947 (9th Cir. 2014) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

14. Here, a federal question—namely, the interpretation and application of the EFTA—is "presented on the face of" the FAC. *Id.*; *see* FAC ¶¶ 94-114. Therefore, Plaintiff's EFTA claim "'arises under' federal law for purposes of § 1331." *Holmes Grp.*, 535 U.S. at 830.

15. In turn, Plaintiff's state law claims may be removed because of this Court's supplemental jurisdiction. 28 U.S.C. § 1367(a) vests this Court with jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

16. Here, Plaintiff's federal and state claims "derive from a common nucleus of operative fact," such that the exercise of supplemental jurisdiction is proper. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Specifically, the EFTA claim and the California statutory and common law claims derive from the same constellation of alleged events concerning Plaintiff's attempt to rent an apartment and her transfer of funds to a fraudster who said he had an apartment to rent. The claims "form part of the same case or controversy under Article III of the United States Constitution," and therefore warrant this Court's exercise of supplemental jurisdiction. 28 U.S.C. § 1367(a).

**B.     This Action Is A Putative Class Action**

17. Original jurisdiction under CAFA applies to any civil action that "is a class action." 28 U.S.C. § 1332(d)(2). A "class action" means "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

18. California Code of Civil Procedure § 382 provides in part that "when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." Section 382 is the California state analog to Federal Rule of Civil Procedure 23. *See Huckleby v. Manpower, Inc.*, 2010 WL 11552970, at *3 n.1 (C.D. Cal. Sept. 7, 2010).

19. Plaintiff brings her "action individually and as representatives [sic] of all those similarly situated, on behalf of … [a]ll persons with a [Bank of America] account who signed up for the Zelle Service and incurred unreimbursed losses due to fraud," as well as a subclass of all such people in California. FAC ¶ 64. She raises "class allegations," *see id.*, and seeks an order "[c]ertifying the proposed Classes, appointing Plaintiff as representative of the Classes, and appointing counsel for Plaintiff as lead counsel for the respective Classes," *id.* at 23. This action is therefore a putative class action removable under CAFA under 28 U.S.C. § 1332(d)(2).

C.   **The Putative Class Is Sufficiently Numerous**

20. Under 28 U.S.C. § 1332(d)(5)(B), the number of members of all proposed plaintiff classes must equal or exceed 100 in the aggregate for the action to be removable under CAFA.

21. Plaintiff proposes to represent a class consisting of "[a]ll persons with a [Bank of America] account who signed up for the Zelle Service and incurred unreimbursed losses due to fraud," as well as a subclass of all such people in California. FAC ¶ 64. She estimates that there are "thousands of similarly situated customers of [Bank of America]." *Id.* ¶ 1. The proposed class is thus sufficiently numerous under 28 U.S.C. § 1332(d)(5)(B).

### D. There Is Diversity Of Citizenship Between The Parties

22. A putative class action is removable if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

23. Plaintiff is "a citizen and resident of Orange County, California." FAC ¶ 13.

24. Bank of America is "a federally chartered bank with its principal place of business in Charlotte, North Carolina." *Id.* ¶ 14.

25. Because Plaintiff is a citizen of California and Bank of America is a citizen of North Carolina, this is a putative class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d). Diversity of citizenship accordingly exists between the parties.

### E. The Amount In Controversy Exceeds $5,000,000

26. "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

27. Plaintiff seeks to recover actual, compensatory, punitive, and exemplary damages, attorneys' fees and expenses, and equitable relief, on behalf of a proposed class which, as noted, allegedly numbers in the thousands. *See* FAC at 23.

28. The amount in controversy in this matter appears to be the value of Plaintiff's denied claim in the amount of $2,150, and all other claims similarly denied to the thousands of alleged class members since Zelle launched in June 2017.

29. Bank of America denies that it is liable to Plaintiff or the putative class in any way whatsoever. But if a court were to order the specific relief that Plaintiff demands, the amount would exceed $5,000,000. Plaintiff's requested equitable relief would also impose substantial additional burdens on Bank of America. Thus, the amount in controversy requirement for removal under CAFA is satisfied.

## OTHER PROCEDURAL MATTERS

30. Promptly upon its filing, a true copy of this Notice of Removal will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d). Pursuant to Federal Rule of Civil Procedure 5(d), Bank of America will file with this Court a Certificate of Service of notice to the adverse party of removal to federal court.

31. Upon the filing of this Notice of Removal, Bank of America will promptly file a Notification of Filing of Notice of Removal with the Clerk of the Superior Court of California, County of Orange, in accordance with 28 U.S.C. § 1446(d).

32. By filing this Notice of Removal, Bank of America does not waive any defenses that may be available to it, including without limitation any defenses relating to service, process, and jurisdiction, and does not concede that the allegations in the complaint state a valid claim under any applicable law.

33. Bank of America reserves the right to submit additional factual support, evidence, and affidavits to support the basis for federal jurisdiction as necessary at the appropriate time.

## NOTICE TO STATE COURT AND PLAINTIFF

Counsel for Bank of America certifies that pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the Superior Court of California, County of Orange, and given to Plaintiff's counsel promptly.

1     WHEREFORE, the case now pending in the Superior Court of California, County of Orange, Case No. 30-2022-01255728-CU-FR-CJC, is hereby removed to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1453.

                                            Respectfully submitted,

Dated: June 16, 2022            /s/ Matthew D. Benedetto
                                         Matthew D. Benedetto (SBN 252379)
                                         WILMER CUTLER PICKERING
                                            HALE AND DORR LLP
                                         350 South Grand Avenue, Suite 2400
                                         Los Angeles, California 90071
                                         Telephone: (213) 443-5300
                                         Facsimile: (213) 443-5400
                                         matthew.benedetto@wilmerhale.com

                                         Jamie Dycus (*pro hac vice* forthcoming)
                                         WILMER CUTLER PICKERING
                                           HALE AND DORR LLP
                                         7 World Trade Center
                                         250 Greenwich St.
                                         New York, NY 10007
                                         Telephone: (212) 937-7518
                                         Facsimile: (212) 230-8888
                                         jamie.dycus@wilmerhale.com

                                         *Attorneys for Defendant*
                                         *Bank of America, N.A.*

**NOTICE OF REMOVAL**
*Tristan v. Bank of America, N.A.*, Case No. 8:22-cv-1183